UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. B., <br><br> Plaintiff, <br><br> v. <br><br> G6 HOSPITALITY, LLC, et al., <br><br> Defendants. | Case No. 19-cv-07848-HSG <br><br> **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 156 |

Plaintiff J.B. ("Plaintiff") has filed a motion for leave to file a motion for reconsideration, Dkt. No. 156 ("Mot."), of the Court's August 20, 2020, Order Granting Motions to Dismiss. *See* Dkt. No. 132 ("Order"). Having considered Plaintiff's motion, the Court **DENIES** it.

The Court will not repeat the full underlying facts and procedural posture of this motion, but instead refers the parties to its previous Order. *See* Order. Plaintiffs seeks reconsideration of "the portion of the Order finding that Defendant Craigslist qualifies for immunity under Communications Decency Act Section 230(c) and dismissing Plaintiff's state law claims against Craigslist without leave to amend." Mot. at 1.

Civil Local Rule 7-9 allows a party to seek reconsideration on the following bases:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

1  Civil L.R. 7-9(b).  First, Plaintiff seemingly argues that reconsideration is warranted on the second
2  basis because subsequent Supreme Court authority "supports the conclusion that Section 230
3  immunity does not apply to Craigslist."  Mot. at 4.  The Court rejects this argument, as the
4  authority cited does not qualify as a change in or clarification of controlling law.  Plaintiff
5  contends that "the Supreme Court recently confirmed that the originally intended scope of Section
6  230 is 'a far cry from what has prevailed in court,' and implored lower courts to stop 'reading
7  extra immunity into statutes where it does not belong.' "  Mot. at 1 (citing *Malwarebytes, Inc. v.*
8  *Enigma Software Group USA, LLC*, No. 19-1284, 2020 WL 6037214, at *2 (Oct. 13, 2020)).
9  Plaintiff effectively acknowledges that her argument falls short under Local Rule 7-9(b)(2).  *See*
10 Mot. at 6 ("To the extent this Court finds Justice Thomas's warning instructive, then, it would be
11 difficult to argue that it does not apply to this case.")

12 More importantly, Plaintiff failed to provide important context in her motion, namely that
13 the Supreme Court *denied* certiorari in *Malwarebytes*, and that the only certiorari-stage
14 explanatory writing came from Justice Thomas, who *agreed* with the decision to deny certiorari.
15 *See* 2020 WL 6037214, at *1.  Justice Thomas wrote separately to "explain why, in an appropriate
16 case, [the Supreme Court] should consider whether the text of [47 U.S.C. § 230] aligns with the
17 current state of immunity enjoyed by Internet platforms."  *Id.*  Justice Thomas expressly indicated
18 that the Court "need not decide [] the correct interpretation of" the Act, and simply stated his
19 opinion that it should do so in the appropriate case.  *Id*. at *5.  This is far from showing a change
20 in or clarification of controlling law meriting reconsideration.

21 Second, Plaintiff argues that reconsideration is warranted because the Court issued its
22 Order "without the benefit of robust briefing on this issue" and requests that the Court "at least
23 entertain complete briefing on whether Plaintiff's new allegations warrant just discovery into
24 whether Craigslist can properly assert immunity here."  Mot. at  7.  The Court first notes that this
25 second argument does not satisfy any of the requirements of Civil Local Rule 7-9.  Plaintiff cites a
26 series of cases indicating that courts may reconsider an order "for any reason it deems sufficient."
27 *See* Mot. at 4 (citing *In re Intuitive Surgical Sec. Litig.*, No. 13-01920, 2014 WL 7146215, at *2
28 (N.D. Cal. Dec. 15, 2014) (quoting *Abada v. Charles Schwab & Co., Inc.,* 127 F. Supp. 2d 1101,

1102 (S.D. Cal. 2000)). But finding no sufficient reason to allow for further briefing, the Court declines to do so here. In support of this second argument, *see* Mot. at 6, Plaintiff cites a district court case from Washington that concluded § 230(c) does not bar state law claims against Craigslist. *See M.L. v. craigslist Inc.*, No. C19-6153 BHS-TLF, 2020 WL 5494903, at *4 (W.D. Wash. Sept. 11, 2020). Plaintiff notes that in this case the Court "conclude[d] that Plaintiff 'pled no facts to support' the argument that Craigslist does not satisfy the Section 230 immunity criteria, . . . but nevertheless dismissed Plaintiff's state law claims against Craigslist without leave to amend." Mot. at 6 (citing Order at *11). And Plaintiff argues that her "amended allegations extend far beyond those found to be sufficient" in *M.L.* Mot. at 6. The Court finds that nothing in *M.L.*, which is not controlling authority, warrants reconsideration.

Because Plaintiff fails to show that reconsideration is appropriate based on either of her arguments, the motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: 12/10/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3