Angela C. Agrusa (Bar No. CA-131337)
*angela.agrusa@us.dlapiper.com*
Shannon E. Dudic (Bar No. CA-261135)
*shannon.dudic@us.dlapiper.com*
Alexis N. Burgess (Bar No. CA-279328)
*alexis.burgess@us.dlapiper.com*
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendant
G6 HOSPITALITY LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

J.B., an individual

Plaintiff,

v.

G6 HOSPITALITY, LLC; RED LIONS HOTELS CORPORATION; KANTILAL KATRI AND RAJESHKUMAR KATRI d/b/a ECONOMY INN; MITCHELL HOTEL, INC., d/b/a MITCHELL HOTEL; SRK MOTEL, INC., d/b/a BAY BREEZE INN; KALPESH K. BALSAR d/b/a SAGE MOTEL; GANGABEN A. PATEL TRUST 2000 d/b/a HOLIDAY MOTEL; EAST BAY LODGING, LLC, d/b/a MILLS MOTEL, SARKAR, LLC d/b/a BUDGET INN; CRAIGSLIST, INC.; and KAIROS UNLIMITED COUNSELING SERVICES,

Defendants.

CASE NO.: 4:19-CV-07848-HSG

**PARTIAL STIPULATION RE: PRE-TRIAL PROTECTIVE ORDER REGARDING PLAINTIFF'S IDENTITY; ORDER**

Complaint Filed: September 19, 2019

Pursuant to Local Rule 7-12, Plaintiff J.B. ("Plaintiff") and Defendant G6 Hospitality LLC ("Defendant") (Plaintiff and Defendant, collectively, the "Parties"), stipulate and agree as follows:

1. Immediately upon filing this Proposed Order with the Court, Plaintiff shall provide Defendant with (1) Plaintiff's full name, maiden name, alias names used at any time, and date of birth ("Plaintiff's True Identity"); and (2) Plaintiff's trafficker(s) and any of the trafficker(s) known affiliate's full names, maiden names, alias names used at any time, and dates of birth ("Traffickers' True Identity").

2. Notwithstanding anything in this Order, Defendant expressly reserves its right to request from Plaintiff during the course of discovery any other information that is related to the true identity of Plaintiff or her trafficker(s), such as, but not limited to, any medical, educational, financial, employment, or other information. Relatedly, Plaintiff agrees that nothing in this Protective Order relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff would otherwise be required to produce in the normal course of discovery. The protections conferred by this order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

3. The Parties agree that Plaintiff is permitted to proceed pseudonymously throughout the pre-trial course of these proceedings without prejudice as to Defendant seeking relief from such protection upon good cause shown. The Parties exclusively will reference the Plaintiff through the pseudonym "J.B." or as "Plaintiff" in all public filings and in all public Court proceedings until the time of trial. The Parties dispute whether use of a pseudonym is appropriate at trial (in documents or otherwise) and agree to raise/revisit the issue of the appropriateness of a pseudonym at the time of trial, if necessary. Pursuant to paragraph 5 herein, Plaintiff intends to bring a motion to determine whether Plaintiff or Defendant has the burden of proof with respect to Plaintiff proceeding by pseudonym at trial.

4. Defendant, as well as their agents, employees, and assigns shall keep the true identity of Plaintiff confidential during and after the conclusion of this matter. Defendant may only disclose Plaintiff's true identity to the following:

A. Defendant, including any employees, agents, and representatives of Defendant as needed to litigate any claims or defenses. All employees, agents, and representatives of Defendant who are given Plaintiff's true identity information shall be informed that the information is confidential and Defendant shall require the employee, agent and/or representative to whom Plaintiff's true identity is given to maintain that information as confidential consistent with the terms of this agreement;

B. Counsel for Defendant and employees, agents, and representatives of counsel as needed to litigate any claims or defenses. However, all employees, agents, and representatives who are given Plaintiff's true identity information shall be informed that the information is confidential and counsel shall require the employee, agent, and/or representative to whom Plaintiff's true identity is given to maintain that information as confidential consistent with the terms of this agreement;

C. The Court, court personnel, and members of the jury;

D. Court reporters, recorders, and videographers engaged for depositions;

E. Any mediator appointed by the Court or jointly selected by the Parties after signing the agreement to be bound by this Protective Order;

F. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation after signing the agreement to be bound by this Protective Order.

G. Any potential, anticipated, or actual fact witness, and his or her counsel, as needed to litigate any claims or defenses, subject to paragraph 5 herein regarding Plaintiff's trafficker and known affiliates after signing the agreement to be bound by this Protective Order.

H. Any custodian of records, but only to the extent that Plaintiff's true identity will assist the custodian in obtaining and producing records;

I. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

J. Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiffs true identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

K. Insurers, insurance advisors, and indemnitors for any of the Parties. However, all such individuals who are given Plaintiff's true identity information shall be informed that the information is confidential and the Party providing the information shall require those individuals to whom Plaintiff's true identity is given to maintain that information as confidential consistent with the terms of this agreement;

L. Persons to whom disclosure is compelled by law, including (but not limited to) by subpoena, warrant, or court order, such that a copy of this agreement and terms shall be supplied along with any subpoenas or other documents; and

M. Other persons or entities as needed to litigate any claims or defenses upon consent of the parties and after signing the agreement to be bound by this Protective Order. Consent shall not be unreasonably withheld.

5. The Parties presently ***dispute*** whether the following limitations on disclosure of Plaintiff's True Identity and the Trafficker's True Identity are appropriate or warranted:

A. Whether and to what extent Defendants may disclose Plaintiff's identity to Plaintiff's alleged trafficker(s) and their known affiliates; and

B. With respect to paragraph 3, whether Plaintiff has the burden of establishing that Plaintiff should be permitted to proceed pseudonymously at trial.

The Parties agree that Plaintiff will file a motion seeking protections against disclosure of Plaintiff's identity to Plaintiff's alleged trafficker(s) and their known affiliates no later than 180 days prior to the close of discovery. Until the motion is ruled upon by the Court, Defendant agrees not

to disclose Plaintiff's True Identity to Plaintiff's traffickers or any of the traffickers known affiliates. The Parties will follow the Court's scheduling order as to trial deadlines, which may dictate the appropriate time for Plaintiff to file any motion related to proceeding pseudonymously at trial. To ensure Defendant can reasonably comply with this paragraph, Plaintiff will disclose all such individuals to Defendant upon filing of this Protective Order with the Court. Nothing in this Order prevents Plaintiff from subsequently notifying the Defendant of additional known affiliates subject to this section.

6. All Parties and any third-parties appearing or submitting filings in this case are **required to redact** the true identity and any identifying information (for example, full name, Social Security Number, date of birth, address, medical records number) of Plaintiff in their filings with the Court.

7. The Court prohibits the filing of documents under seal without obtaining leave except in emergency situations. Nothing in this Stipulated Protective Order authorizes the filing of protected materials under seal. Thus, the Parties may file a motion seeking the Court's permission to file documents that are necessarily unredacted under seal in accordance with the Local Rules for the United States District Court for the Northern District of California.

8. To the extent any Party or non-party has questions or concerns about whether any forthcoming filing complies with the requirements of this Order, such party or nonparty should seek leave of Court prior to submitting any such filing.

9. The Parties will comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) prior to seeking judicial intervention if there are any disputes relating to this Stipulated Protective Order.

Dated: August 4, 2021

**DLA Piper LLP (US)**

By: */s/ Angela C. Agrusa*
ANGELA C. AGRUSA
SHANNON E. DUDIC
ALEXIS N. BURGESS
Attorneys for Defendant
G6 Hospitality LLC

Dated: August 4, 2021

**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERY & PROCTOR, P.A.**

By: */s/ Kimberly Adams*
KIMBERLY ADAMS
CARISSA PHELPS
KATHRYN L. AVILA
Attorneys for Plaintiff J.B.

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Angela C. Agrusa, attest that concurrence in the filing has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed August 4, 2021 at Los Angeles, California.

*/s/ Angela C. Agrusa*
Angela C. Agrusa

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: August 24, 2021

Haywood S. Gillam , Jr.
United States District Judge