United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

J. B.,

Plaintiff,

v.

G6 HOSPITALITY, LLC, et al.,

Defendants.

Case No. 19-cv-07848-HSG

**ORDER BIFURCATING CLAIMS AND CERTIFYING QUESTION FOR INTERLOCUTORY APPEAL**

Re: Dkt. No. 179

On September 17, 2020, Plaintiff J.B. filed an amended complaint against Defendants G6 Hospitality LLC ("G6 Hospitality"), Rajesh Khatri & Hansaben Khatri d/b/a Economy Inn Oakland ("Economy Inn"), SRK Motel, Inc. d/b/a Bay Breeze Inn ("Bay Breeze Inn"), Kalpesh K. Balsara d/b/a Sage Motel ("Sage Motel"), Gangaben A. Patel Trust 2000 d/b/a Holiday Motel ("Holiday Motel") (collectively, the "Defendant Hotels"), Kairos Unlimited Counseling Services ("Kairos"), and Craigslist, Inc. ("Craigslist") (collectively, the "Defendants"). Dkt. No. 134 ("FAC"). On September 8, 2021, the Court granted Craigslist's motion to dismiss, dismissing Plaintiff's claim against Craigslist with leave to amend.[1] *See* Dkt. No. 178 ("Order"). Plaintiff filed a motion under 28 U.S.C. § 1292(b) to certify for interlocutory appeal the Court's dismissal of Plaintiff's claim against Craigslist. *See* Dkt. No. 179. The Court asked the parties to meet and confer about the possibility of severing Plaintiff's claim against Craigslist in order to facilitate a potential appeal of the dismissal of that claim. *See* Dkt. No. 187. The parties responded with a joint status report outlining each party's position. Dkt. No. 188. For the reasons explained below, the Court **BIFURCATES** the trial of the dismissed claim against Craigslist from the claims

[1] In the same Order, the Court granted Economy Inn's motion to dismiss and granted in part and denied in part Holiday Motel's motion to dismiss.

United States District Court
Northern District of California

against Defendant Hotels and Kairos. The Court also **GRANTS** Plaintiff's motion for a certificate of appealability as to the dismissal of the Craigslist claim.

## I. BACKGROUND

Plaintiff alleges that Craigslist violated section 1595 of the Trafficking Victims Protection Reauthorization Act of 2008, 18 U.S.C. § 1591, *et seq.* ("TVPRA").[2] FAC at ¶ 102. Plaintiff alleges that she was "advertised for sale on the Craigslist's 'Erotic Services' and 'Adult Services' classified categories" and "repeatedly trafficked for commercial sex." FAC at ¶¶ 1–2. Plaintiff further alleges that Craigslist "knew that these sections were used to sell adults and children for sex." *Id.* at ¶ 2.

As to the Defendant Hotels, Plaintiff brought causes of action for violations of the TVPRA; the California Trafficking Victims Protection Act, Cal. Civ. Code § 52.5 ("CTVPA"); and California common law.[3] Plaintiff alleges that "she was imprisoned and abused at motels throughout Oakland, including on multiple occasions at each of the Defendant Hotels." *Id.* at ¶ 6. Plaintiff further alleges that Defendant Hotels had actual or constructive knowledge that sex trafficking occurred frequently on their properties. *See, e.g.*, *id.* at ¶¶ 7, 71, 81. Plaintiff alleges that "[e]ach Defendant Hotel also observed at least one (sometimes multiple) violent encounters between Plaintiff and a trafficker and/or buyer." *Id.* at ¶ 6.

On October 9, 2020, Craigslist moved to dismiss Plaintiff's TVPRA claim against it on the ground that the Communications Decency Act, 47 U.S.C. § 230 ("CDA"), bars the claim. Dkt. No. 148; *see* FAC ¶¶ 98-113. Generally, under the CDA, an interactive computer service provider may not be held liable as a "publisher or speaker of any information provided by another information content provider" on its service. *See* 47 U.S.C. § 230(c)(1). Craigslist argued that, as an interactive computer service provider, it was entitled to immunity from Plaintiff's TVPRA claim under the CDA. Dkt. No. 148 at 1. Plaintiff responded by arguing that CDA immunity was

---

[2] Plaintiff also originally brought state-law claims against Craigslist, but the Court dismissed those claims without leave to amend. Dkt. No. 132 at 5-11.

[3] Plaintiff's CTVPA claim against Economy Inn was dismissed without leave to amend. *See* Dkt. No. 178 at 21-23. Plaintiff's CTVPA claim against Holiday Motel was dismissed with leave to amend, *see* Dkt. No. 178 at 27-28, but Plaintiff did not file an amended complaint against Holiday Motel by the deadline set in the Order, *see id.* at 30.

abrogated by Congress in 2018 with the passage of the Allow States and Victims to Fight Online Sex Trafficking Act of 2017 and the Stop Enabling Sex Traffickers Act, 132 Stat. 1253 (2018) ("FOSTA-SESTA"). *See* Dkt. No. 155 at 11-18. The Court had previously rejected Craigslist's argument, Dkt. No. 132 at 12, but Craigslist sought reconsideration based on the reasoning of intervening rulings by other district courts, Dkt. No. 148 at 2. After close reexamination of the issue, the Court held that section 230(e)(5)(A) of the CDA, as amended by FOSTA-SESTA, eliminates a defendant's immunity from a civil TVPRA section 1595 claim if, but only if, the defendant's conduct amounts to a violation of TVPRA section 1591, the statute's criminal provision. Order at 20. The Court found that Plaintiff had not adequately pled that Craigslist's conduct constituted a violation of section 1591, and dismissed her TVPRA claim against Craigslist with leave to amend. *See id.* at 21.

Plaintiff moves to certify the Court's ruling on this point for interlocutory appeal under 28 U.S.C. § 1292(b). Dkt. No. 179. Plaintiff contends that the Court's decision with regard to Craigslist involved a purely legal question and defined the elements Plaintiff must plead and prove to prevail on her civil TVPRA claim. *See id.* at 1, 3-4. Plaintiff also highlights that district courts addressing this issue have reached different conclusions. *See id.* at 4. Finally, Plaintiff asserts that "prompt appellate review of the Court's immunity ruling will dramatically shape the scope of this action," possibly eliminating months or even years the parties might spend "litigating Plaintiff's claim according to the wrong legal standard." *Id.* at 5-6.

The Court asked the parties to meet and confer and discuss whether they could agree to severance of Plaintiff's claim against Craigslist, given that Plaintiff seeks certification only as to the Court's ruling regarding Craigslist and that the question to be certified would not affect the merits of any other Defendant's claim. *See* Dkt. No. 187. The parties were unable to agree and submitted a joint status report setting out each party's position.[4] *See* Dkt. No. 188. Plaintiff requests that the claim against Craigslist be severed and certified for interlocutory review. *See id.* at 2-4. Craigslist outlines multiple possibilities but prefers for the Court to revise its Order to

[4] Defendant Kairos did not submit a response.

dismiss Plaintiff's claim against Craigslist with prejudice and without leave to amend, allowing Plaintiff to appeal the final judgment as of right. *See id.* at 4-7. Bay Breeze Inn, Economy Inn, and G6 Hospitality favor severing Plaintiff's claim against Craigslist only if Plaintiff's claims against the remaining Defendants are stayed pending the resolution of the Craigslist appeal. *See id.* at 7-9. Finally, Holiday Motel is amenable to severance of Craigslist, while Sage Motel is not. *See id.* at 9.

## II. SEPARATE TRIALS

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Courts are limited by constitutional constraints, such as preserving any right of trial by jury, but otherwise have "broad authority" to order a separate trial of any claim. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961-962 (9th Cir. 2001). Courts may issue such an order sua sponte. *See Institutional Drug Distrib., Inc. v. Yankwich*, 249 F.2d 556, 568-69 (9th Cir. 1957). Of the three reasons for ordering a separate trial – (1) convenience, (2) avoidance of prejudice, and (3) fostering expedition and economy – any one is sufficient to sustain an order for a separate trial. *In re Paris Air Crash of March 3, 1974*, 69 F.R.D. 310, 319 (C.D. Cal. 1975).

Under the circumstances, the Court finds that it is appropriate to separate Plaintiff's claim against Craigslist from Plaintiff's claims against the other Defendants. Defining the elements of Plaintiff's claim against Craigslist, and determining its likely viability, implicates a novel issue of law. An appeal could take months or even years to resolve. By contrast, Plaintiff's claims against the other Defendants raise no such issues, and are ripe for resolution now. The Court thus sees no just reason to delay the resolution of Plaintiff's claims against Defendant Hotels and Kairos pending resolution of any appeal as to Craigslist. Separating the Craigslist claim will avert significant delay by enabling the majority of Plaintiff's claims to move forward. Any theoretical costs that might result from proceeding with the two sets of claims on different tracks (and no party has concretely identified any such costs) are outweighed by the benefit of moving Plaintiff's claims against the bulk of the Defendants towards a timely resolution. Separating Plaintiff's claim against Craigslist will result in greater convenience, avoid the prejudice that would result from an

unnecessary delay of the remaining claims, and expedite the judicial proceedings and make them more efficient.

The Court does not find persuasive Defendants' objections to proceeding separately with Plaintiff's claims against Craigslist.[5] Bay Breeze Inn, Economy Inn, and G6 Hospitality argue that Defendant Hotels' "liability to Plaintiff, if any, must be reduced by craigslist's proportionate share of fault for the same injuries (even if craigslist has an immunity defense that exempts it from liability to Plaintiff directly)." Dkt. No. 188 at 8. Bay Breeze Inn, Economy Inn, and G6 Hospitality further suggest that separate proceedings against Craigslist would "unnecessarily multiply the proceedings for the Court and all parties and risk inconsistent judgments." *Id.* The Court does not find any of these purported drawbacks to constitute substantial (or any) prejudice warranting delay of the non-Craigslist claims. It is unclear to the Court what if any impact federal immunity under the CDA would have on joint liability under the remaining state law claims, and the authority cited in Defendants' cursory discussion does not speak to this question. There are no remaining state law claims against Craigslist. And the Court sees little if any risk of inconsistent judgments because the elements of the sole remaining claim against Craigslist are entirely different than those of the claims against Defendant Hotels and Kairos. Defendant Hotels and Kairos are not interactive computer service providers, meaning that Section 230 of the CDA does not impact the merits of Plaintiff's claims against them. The Court accordingly finds that no substantial right will be prejudiced by bifurcating the claim against Craigslist, and concludes that the ends of justice are best served by separating Plaintiff's claim against Craigslist from her claims against the other Defendants.

Exercising its discretion under Rule 42(b), the Court **BIFURCATES** the Craigslist claim from the claims against Defendant Hotels and Kairos.

## III. CERTIFICATION FOR INTERLOCUTORY APPEAL

Plaintiff seeks, without objection from Craigslist, to certify the Court's Order for

[5] Though the parties were asked to state their positions regarding severance, the Court finds the parties' explanations in the joint status report relevant to the Court's analysis of bifurcation as well. *See* Dkt. No. 187, 188.

interlocutory appeal under 28 U.S.C. § 1292(b). More specifically, Plaintiff seeks to certify the portion of the Order in which the Court determined that section 230(e)(5)(A) of the CDA, as amended by FOSTA-SESTA, "provides an exemption from immunity for a section 1595 claim if, but only if, the defendant's conduct amounts to a violation of section 1591." Order at 20. The Court concluded that, after FOSTA-SESTA, a plaintiff bringing a civil claim for a violation of section 1595 of the TVPA still must show that the interactive computer service provider acted with the mens rea defined in section 1591 of the TVPA. *Id.* Plaintiff, on the other hand, argues that FOSTA-SESTA effected a broad abrogation of CDA immunity such that civil plaintiffs need only show that an interactive computer service provider acted with the mens rea described in section 1595 of the TVPA. Dkt. No. 155 at 14-15.

In general, parties may only appeal orders which "end[] the litigation on the merits and leave nothing for the court to do but execute the judgment." *Romoland School Dist. v. Inland Empire Energy Center, LLC*, 548 F.3d 738, 747 (9th Cir. 2008). As the Court dismissed Plaintiff's claim against Craigslist with leave to amend, the Order is not a final order that ends the litigation and is not appealable as of right. Plaintiff seeks to invoke a "narrow exception" to the final judgment rule. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if certain requirements are met. *Id.* "These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981).

First, the Court finds that Plaintiff seeks appellate review of a controlling question of law. The Ninth Circuit has previously noted that a "controlling" question of law exists where "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d at 1026. And district courts have characterized a question of law in this context as "a purely legal one that can be resolved quickly without delving into a particular case's facts." *Henley v. Jacobs*, No. C 18-2244 SBA, 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019). Resolution of the purely legal issue presented here

United States District Court
Northern District of California

regarding the extent to which FOSTA-SESTA abrogates CDA immunity for interactive computer service providers will not require any factual inquiry. And the nature and extent of the CDA immunity to which Craigslist is entitled will materially affect the outcome (or at a minimum the required framing) of Plaintiff's claims against it. While the Court granted Plaintiff leave to amend the complaint, the Court found that Plaintiff must plead and prove that Craigslist's conduct fell within the ambit of section 1591 of the TVPRA, and thus amounted to more than "constructive knowledge" as described in section 1595. *See* Order at 8 n.2, 20. The Court anticipates that this higher pleading and proof burden could materially affect the viability of Plaintiff's claim.

Second, the Court finds that there are substantial grounds for difference of opinion on this issue. "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *See Couch*, 611 F.3d at 633. Courts look to whether the issue is one "over which reasonable judges might differ" and whether the "uncertainty provides a credible basis for a difference of opinion." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). No court of appeal has ruled on this question to the Court's knowledge, and district courts have reached thoroughly-reasoned but conflicting conclusions. *Compare, e.g., Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1249, 1251 (S.D. Fla. 2020) ("FOSTA permits civil liability for websites only 'if the conduct underlying the claim constitutes a violation of section 1591.' And section 1591 requires knowing and active participation in sex trafficking by the defendants.") *with Doe v. Twitter, Inc.*, No. 21-CV-00485-JCS, 2021 WL 3675207, at *24 (N.D. Cal. Aug. 19, 2021) ("[T]he Court concludes that Plaintiffs' Section 1595 claim against Twitter based on alleged violation of Section 1591(a)(2) is not subject to the more stringent requirements that apply to criminal violations of that provision.").

Finally, the Court finds that an immediate appeal may materially advance the ultimate termination of the litigation. There is no requirement that an interlocutory appeal have a "final, dispositive effect on the litigation." *Reese*, 643 F.3d at 688. Instead, this factor is related to whether the issue is a "controlling" one, and courts "consider the effect of a reversal by the Ninth Circuit on the management of the case." *Mateo v. M/S KISO*, 805 F. Supp. 792, 800 (N.D. Cal. 1992) *abrogated on other grounds by Brockmeyer v. May*, 361 F.3d 1222,1226-27 (9th Cir. 2004).

Following the Court's Order, Plaintiff must plead and prove that Craigslist acted with the mens rea described in section 1591 of the TVPRA. *See* Order at 11-12. Although the Court dismissed Plaintiff's TVPRA claim with leave to amend, it remains to be seen whether Plaintiff can meet this higher burden either at the pleading stage or as a matter of proof. Rather than litigating the case to the finish under a standard that will be challenged on appeal, the Court and the parties will benefit from definitive guidance from the Ninth Circuit at the outset, before time and resources are invested. Plaintiff has acted diligently, filing the motion for a certificate of appealability approximately two weeks after the Court issued its Order. *See Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2010). Interlocutory review would not unduly delay the case, but instead likely would enhance efficiency by enabling the Court and the parties to conduct discovery, motions practice, and trial in a manner consistent with a settled legal standard.

The Court finds that its Order regarding Craigslist "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Therefore, the Court **GRANTS** Plaintiff's motion to certify the Order regarding Craigslist for interlocutory appeal.

## IV. CONCLUSION

The Court **BIFURCATES** Plaintiff's claim against Craigslist from Plaintiff's claims against Defendant Hotels and Kairos. The Court further **GRANTS** Plaintiff's motion to certify the Order regarding Craigslist for interlocutory appeal under 28 U.S.C. § 1292(b). Plaintiff and Craigslist agree that a stay of the claim against Craigslist is appropriate, *see* Dkt. No. 188 at 3:8-10, 6:21-7:2, and 7 n.3, and the Court concurs. *See Nken v. Holder*, 556 U.S. 418, 433-434 (2009). The Court thus **STAYS** only that claim pending Plaintiff's application for an interlocutory appeal (and for the duration of the appeal if the Ninth Circuit grants review).

Finally, the Court **SETS** a case management conference regarding Plaintiff's claims against Defendant Hotels and Kairos for January 18, 2022 at 2:00 p.m. in Courtroom 2 on the Fourth Floor, at 1301 Clay Street, Oakland, California. Plaintiff's counsel and counsel for Defendant Hotels and Kairos are directed to meet and confer and file by January 11, 2022 either a

United States District Court
Northern District of California

joint proposed case schedule through trial or the parties' separate scheduling proposals if they are unable to agree. The Court has already determined that these remaining claims will not be stayed, so no party need raise that issue again.

**IT IS SO ORDERED.**

Dated: 12/16/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge