Carissa Phelps (Cal. Bar No. 264044)
cphelps@levinlaw.com
Kimberly R. Lambert Adams (*pro hac vice*)
kadams@levinlaw.com
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERY & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: 850-435-7153
Facsimile: 850-436-6153

Kelly M. Dermody (Cal. Bar No. 171716)
kdermody@lchb.com
Michelle A. Lamy (Cal. Bar No. 308174)
mlamy@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415-956-1000
Facsimile: 415-956-1008

*Attorneys for Plaintiff J.B.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J.B., <br><br> Plaintiff, <br><br> v. <br><br> G6 HOSPITALITY, LLC, *et al.*, <br><br> Defendants. | Case No.: 4:19-cv-07848-HSG <br><br> **STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF'S IDENTITY** <br><br> Complaint Filed: September 19, 2019 |

Pursuant to Local Rule 7-12, Plaintiff J.B. ("Plaintiff") and Defendant Rajesh Khatri & Hansaben Khatri d/b/a Economy Inn Oakland ("Defendant") (collectively, the "Parties") stipulate and agree as follows.

**I.      PURPOSE AND SCOPE**

1.      The Parties agree that there is a compelling interest in Plaintiff's privacy and safety, and that this Stipulated Protective Order is necessary in order for Plaintiff to avoid having sex trafficking perpetrator(s) obtain information about her identity or other private information. Accordingly, the Parties exclusively will reference the Plaintiff through the pseudonym "J.B." or as "Plaintiff" in all written correspondence, public filings, and public Court proceedings.

2.      The Court prohibits the filing of documents under seal without obtaining leave except in emergency situations.  Nothing in this Stipulated Protective Order authorizes the filing of materials under seal.  Thus, if needed to comply with this Stipulated Protective Order, the Parties may file a motion seeking the Court's permission to file documents under seal in accordance with the Local Rules for the United States District Court for the Northern District of California.

3.      If any Party or third-party has access to information about Plaintiff's identity, and asserts a need to identify the Plaintiff during a public Court proceeding or in a public filing, that Party or third-party is required, before making any identifying communication, to seek an order from the Court to seal the proceeding, and/or file a redacted document, or file a motion to seal the record.  If any Party or third-party has questions about whether any forthcoming filing or communication in connection with a Court proceeding is in compliance with the requirements of this Stipulated Protective Order, they should seek leave of Court prior to submitting any such filing or making any such communication.

4.      The Parties will comply with the good faith meet-and-confer requirement in Federal Rule of Civil Procedure 37(a)(1) prior to seeking judicial intervention if there are any disputes relating to this Stipulated Protective Order.

## II.     DISCLOSURE OF PLAINTIFF'S IDENTITY

5.     Counsel for Plaintiff shall provide to counsel for Defendant the Plaintiff's true identity upon the entry of this Stipulated Protective Order.  This disclosure shall include: Plaintiff's full name, maiden name, alias names used at any time, and date of birth ("Plaintiff's True Identity").

6.     Plaintiff shall clearly mark any communications, documents, or information that contain Plaintiff's True Identity or other information that may reveal Plaintiffs' True Identity with the term "TRUE IDENTITY" and the Parties shall follow the procedures and requirements of this Protective Order concerning any materials or information with this designation.

7.     Defendant, as well as their agents, employees, and assigns shall keep Plaintiff's True Identity all material designated "TRUE IDENTITY" confidential during and after the conclusion of this matter.  Defendant  may only disclose Plaintiff's True Identity to the following:

    A.     The Parties to this litigation after signing the attached agreement to be bound by this Stipulated Protective Order, including any employees, agents, and representatives of the Parties as needed to litigate any claims or defenses.  However, all employees, agents and representatives who are given Plaintiff's True Identity shall be informed that the information is confidential and the Party providing the information shall require the employee, agent and/or representative to whom Plaintiff's True Identity is given to maintain that information as confidential consistent with the terms of this agreement;

    B.     Counsel for the Parties who have agreed to this Stipulated Protective Order and employees, agents, and representatives of counsel as needed to litigate any claims or defenses.  However, all employees, agents and representatives who are given Plaintiff's True Identity shall be informed that the information is confidential and the Party providing the information shall require the employee, agent and/or representative to whom Plaintiff's True

Identity is given to maintain that information as confidential consistent with the terms of this agreement;

C. The Court, court personnel, and members of the jury;

D. Court reporters, recorders, and videographers engaged for depositions;

E. Any mediator appointed by the Court or jointly selected by the Parties, after signing the attached agreement to be bound by this Stipulated Protective Order;

F. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, after signing the attached agreement to be bound by this Stipulated Protective Order;

G. Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiffs true identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

H. Insurers, insurance advisors, and indemnitors for any of the Parties. However, all such individuals who are given Plaintiff's True Identity shall be informed that the information is confidential and the Party providing the information shall require those individuals to whom Plaintiff's True Identity is given to maintain that information as confidential consistent with the terms of this agreement;

I. Any potential, anticipated, or actual fact witness, including but not limited to Plaintiff's treatment providers, and their counsel, but only to the extent Plaintiff's true identity will assist the witness in recalling, relating or explaining facts, and/or producing documents -- except that Plaintiff's true identity must not be disclosed to Plaintiff's known trafficker(s) or Plaintiff's traffickers' known affiliate(s), unless the Parties follow the procedures in sub-paragraph (J) below;

J. Plaintiff's known trafficker(s) or Plaintiff's traffickers' known affiliate(s) and their counsel, but only to the extent Plaintiff's true identity will assist the

|   |   |   |
|---|---|---|
| 1 | | witness in recalling, relating or explaining facts; such disclosure is authorized only if the Party requests and obtains a Court order before making any disclosure. The Moving Party must file a motion describing the circumstances to the Court. Before filing a contested motion, the Parties must first meet and confer, and if they reach agreement, they may submit a stipulated motion to the Court requesting such an order; and |
| | K. | Persons to whom disclosure is compelled by law, including by subpoena, warrant, or court order. |

8. Except as authorized in Paragraph 7(J), Defendant agrees not to disclose Plaintiff's True Identity to Plaintiff's traffickers or any of the traffickers' known affiliates. To ensure Defendant can reasonably comply with this paragraph, Plaintiff will disclose all such individuals to Defendant upon entry of this Protective Order. Nothing in this Order prevents Plaintiff from subsequently notifying the Defendant of additional known affiliates subject to this section.

9. All Parties and any third-parties appearing or submitting filings in this case are **<u>required to redact</u>** Plaintiffs' True Identity and any other identifying information (for example, contact information, address, medical records number) of Plaintiff in their filings with the Court.

### III.    TERMINATION AND DESTRUCTION OF DOCUMENTS

10. Within 60 days after the termination of this action, including all appeals, Defendant must destroy all documents, including all copies, extracts and summaries thereof, reflecting Plaintiff's True Identity.

DATED:  November 4, 2022            Lieff Cabraser Heimann & Bernstein, LLP

By: *Michelle Lamy*
Michelle A. Lamy
Attorney for Plaintiff, J.B.

DATED: November 4, 2022        Bordin Semmer LLP

By: _____
Andrei Serpik
Attorney for Defendant Economy Inn

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 11/7/2022        _____
Hon. Haywood S. Gilliam, Jr.
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *J.B. v. G6 Hospitality, LLC, et al.*, Case No. 4:19-CV-07848-HSG.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State: _____

Printed name: _____

Signature: _____